EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Gladys E. Guemárez Santiago | 2014 TSPR 112 |
| | 191 DPR ____ |

Número del Caso: CP-2012-16

Fecha: 18 de septiembre de 2014

Abogado del Peticionario:

> Por derecho propio

Oficina de la Procuradora General:

> Lcda. Karla Pacheco Álvarez
> Subprocuradora General
>
> Lcda. Gisela Rivera Matos
> Procuradora General Auxiliar

Comisionado Especial:

> Hon. Eliadís Orsini Zayas

Materia: Conducta Profesional – La suspensión será efectiva el 22 de septiembre de 2014 feche en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gladys E. Guemárez Santiago

CP-2012-16

*PER CURIAM*

En San Juan, Puerto Rico, a 18 de septiembre de 2014.

Hoy nos vemos obligados a separar de la abogacía a una letrada que con sus actuaciones violó la médula de la profesión legal: el deber de honradez y el esfuerzo ineludible de promover y defender la dignidad y el honor de la abogacía en Puerto Rico.

I

La Lcda. Gladys Guemárez Santiago (licenciada Guemárez Santiago) fue admitida al ejercicio de la abogacía en Puerto Rico el 1 de febrero de 1985 y prestó juramento como Notario el 17 de junio de 1988.

La Querella de epígrafe se remonta a una Queja presentada contra la licenciada Guemárez Santiago el 4 de febrero de 2004 por el Dr. Enrique Vázquez Quintana (doctor Vázquez Quintana o el quejoso). La Queja que mediante Declaración Jurada presentó el doctor Vázquez Quintana hace alusión a una Demanda que presentó en su contra la licenciada Guemárez Santiago el 27 de septiembre de 2001. Por ser esencial para la disposición de la Querella de epígrafe, pasamos a discutir detalladamente los pormenores de la mencionada Demanda.

Según mencionado, el 27 de septiembre de 2001 la licenciada Guemárez Santiago presentó una Demanda por impericia médica en contra del quejoso en representación de su cliente, Alexandra Rodríguez Rodríguez. (Alexandra Rodríguez Rodríguez v. Enrique Vázquez Quintana, KDP-2001-1801). En síntesis, en la Demanda se alegó que el doctor Vázquez Quintana manejó negligentemente un tratamiento médico relacionado a un tumor de tiroides de la paciente Rodríguez Rodríguez. En la Demanda se reclamó la cantidad de un millón de dólares ($1,000,000.00) en daños y perjuicios.

Sin embargo, tras varias incidencias procesales, la licenciada Guemárez Santiago renunció a la representación legal de la demandante Rodríguez Rodríguez. Luego de tres (3) años de litigación, el caso por impericia médica contra el doctor Vázquez Quintana fue eventualmente desistido ya que la demandante no poseía evidencia

pericial alguna para probar sus alegaciones en contra del doctor Vázquez Quintana.

Debido a esa reclamación en su contra, y tras el desenlace del caso, el 14 de abril de 2004 el doctor Vázquez Quintana presentó una reclamación civil en contra de la licenciada Guemárez Santiago y su clienta. El quejoso alegó que, a causa de la reclamación frívola que presentó en su contra la licenciada Guemárez Santiago, este sufrió daños severos, vio afectada su reputación como médico y tuvo que incurrir en gastos adicionales para cubrir sus primas de seguros contra reclamaciones por impericia médica. Véase, Enrique Vázquez Quintana v. Gladys Guemárez Santiago y otros, KDP-2004-0545. A su vez, y como hemos mencionado, el 4 de febrero de 2004, el quejoso presentó una Queja contra la licenciada Guemárez Santiago ante este foro.[1]

Tras varios incidentes procesales, el foro primario inicialmente desestimó la reclamación presentada por el doctor Vázquez Quintana por entender que entre éste y la licenciada Guemárez no existía una relación abogado-cliente. Sin embargo, el 30 de junio de 2010 el Tribunal de Apelaciones emitió una detallada Sentencia de cincuenta

---

[1] El 19 de agosto de 2004, este Tribunal ordenó al Procurador General realizar una investigación y presentar un Informe sobre las alegaciones contenidas en la Queja instada por el doctor Vázquez Quintana. Posteriormente, el 17 de mayo de 2005 acogimos una recomendación del Procurador General y paralizamos los procedimientos de la Querella de epígrafe hasta que finalizaran los procedimientos de la reclamación civil que presentó el doctor Vázquez Quintana contra la licenciada Guemárez Santiago.

y seis (56) páginas en la que se revocó la determinación del foro primario.

Específicamente, el foro apelativo intermedio encontró probados, entre otros, los siguientes hechos. Primero, que previo a presentar la reclamación por impericia médica contra el doctor Vázquez Quintana, la licenciada Guemárez poseía al menos dos (2) Informes Periciales de médicos en los que se concluía que este no había incurrido en negligencia alguna durante el tratamiento de la clienta de la querellada. Segundo, que a pesar de poseer estos dos (2) Informes Periciales, la licenciada Guemárez Santiago procedió a presentar la Demanda en contra del doctor Vázquez Quintana. Tercero, que durante el procedimiento de descubrimiento de prueba la licenciada Guemárez Santiago ocultó la existencia de estos dos (2) Informes Periciales, tanto al Tribunal de Primera Instancia como a la representación legal del demandado. Cuarto, que durante el procedimiento de descubrimiento de prueba la licenciada Guemárez Santiago le informó al Tribunal y a la parte demandante mediante contestaciones a pliegos de interrogatorios que se encontraba en el proceso de contratar peritos para presentar como evidencia en contra del doctor Vázquez Quintana. Finalmente, la propia clienta de la licenciada Guemárez Santiago testificó que esta le había informado que no entregaría los dos (2) Informes Periciales que exoneraban al doctor Vázquez Quintana hasta tanto lograra contratar otro perito.

Por todo lo anterior, y tras examinar la prueba contenida en el expediente, el Tribunal de Apelaciones revocó la determinación del foro primario y concluyó que la licenciada Guemárez Santiago respondía por los daños ocasionados al doctor Vázquez Quintana por haber presentado una reclamación frívola en su contra. A tales efectos, devolvió el caso al Tribunal de Primera Instancia para que determinara la cuantía en daños a la que tendría derecho el doctor Vázquez Quintana.[2]

Tras esta determinación del Tribunal de Apelaciones, el 16 de noviembre de 2011 le remitimos el expediente a la Oficina del Procurador General y le ordenamos que presentara el correspondiente Informe. El 19 de enero de 2012 el Procurador General presentó su Informe en el que concluyó que ameritaba comenzar una acción disciplinaria en contra de la licenciada Guemárez Santiago ya que había quedado demostrado en las Sentencias emitidas por los foros inferiores que esta había incumplido con los cánones éticos de la profesión legal.

Específicamente, el Procurador General concluyó que la querellada había presentado una Demanda a pesar de contar con prueba pericial que exoneraba de responsabilidad al potencial demandado. Además, cuando la parte demandada envió un primer pliego de interrogatorios, la licenciada Guemárez Santiago no fue honesta en sus contestaciones y

---

[2] La licenciada Guemárez Santiago presentó un recurso de *certiorari* ante este Tribunal para revisar la Sentencia del foro apelativo intermedio. Este fue declarado no ha lugar. *Vázquez Quintana v. Guemárez Santiago y otros*, CC-2010-785.

ocultó la existencia de los dos (2) Informes Periciales que poseía. Por otro lado, en sus reiteradas manifestaciones al Tribunal la licenciada Guemárez Santiago informó que se encontraba en el procedimiento de buscar prueba pericial, lo que indujo al foro de instancia a conceder prórrogas que obligaron al quejoso a continuar invirtiendo tiempo y esfuerzo en defenderse de una reclamación que carecía de méritos.

El 25 de mayo de 2012, instruimos al Procurador General a presentar la Querella correspondiente. Así las cosas, el 19 de julio de 2012 el Procurador General presentó una Querella sobre conducta profesional contra la licenciada Guemárez Santiago por violaciones a los Cánones 17, 18, 35 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX. Oportunamente, la letrada presentó su Contestación a la Querella. En esta adujo escuetamente que entendía que el caso que presentó contra el doctor Vázquez Quintana era uno meritorio, que en todo momento brindó una representación adecuada a su clienta, que nunca fue su intención inducir a error al tribunal, y que genuinamente se esforzó por exaltar el honor y dignidad de la profesión legal.

El 26 de septiembre de 2012, designamos a la Hon. Eliadís Orsini Zayas como Comisionada Especial, quien celebró varias vistas en los días 31 de octubre y 2 de diciembre de 2013, 30 de enero y 11 de marzo de 2014. La Comisionada Especial rindió su Informe el 7 de mayo de 2014.

La Comisionada Especial examinó la voluminosa prueba que consta en el expediente y determinó que existía prueba clara, robusta y convincente para probar los cargos imputados a la licenciada Guemárez Santiago. Específicamente, la Comisionada Especial concluyó que la querellada había presentado una reclamación frívola en contra del doctor Vázquez Quintana a pesar de poseer Informes Periciales en los que se concluía que este no había incurrido en mala práctica de la medicina. Además, concluyó que la letrada faltó a su deber de sinceridad y honradez al ocultar la existencia de estos Informes Periciales tanto al Tribunal como a la parte demandada. Finalmente, la Comisionada Especial determinó que la licenciada Guemárez Santiago faltó a su deber de preservar el honor de la profesión legal al presentar una Demanda frívola y obligar a la parte demandada a incurrir en gastos y angustias para defenderse de una reclamación para la cual la parte demandante no contaba con prueba para sostener.

Contando con el beneficio del Informe de la Comisionada Especial y de la comparecencia de la licenciada Guemárez Santiago, procedemos a analizar las normas aplicables.

II

El Código de Ética Profesional, *supra*, recoge las normas mínimas de conducta que rigen a los abogados y las abogadas y promueven un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las

instituciones de justicia. In re Ortiz Delgado, 189 D.P.R. 826 (2013), In re Falcón López, 189 D.P.R. 689 (2013).

En particular, hemos establecido que el **Canon 17** del Código de Ética Profesional, *supra*, en lo pertinente, indica que "la comparecencia de un abogado ante un tribunal debe equivaler a una afirmación de su honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial." In re Guzmán Guzmán, 181 D.P.R. 495, 509 (2011). A su vez, hemos mencionado que cuando un abogado firma una alegación en un caso ello significa que el letrado ha leído la alegación y de acuerdo con su mejor conocimiento, información y creencia está bien fundamentada y contará con evidencia para probarla. Id. Es por ello que hemos sido enfáticos en establecer que cuando un abogado "presenta una demanda o una petición al tribunal sin tener toda la información necesaria para poder determinar si existe, o no, una causa de acción, ciertamente falla en actuar con la máxima diligencia que impone el Código de Ética Profesional." In re Flores Ayffán, 170 D.P.R. 126, 133 (2007).

Por otro lado, hemos expresado que el **Canon 18**, *supra,* impone a todo abogado "el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable." In re Reyes

Coreano, res. el 2 de abril de 2014, 190 D.P.R. ___ (2014), 2014 T.S.P.R. 51.

En específico, ese Canon establece lo siguiente:

> Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente. La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan. 4 L.P.R.A. Ap. IX C-18.

Por ello, hemos expresado que "el deber de diligencia profesional del abogado establecido en el Canon 18, *supra,* es del todo incompatible con la desidia, despreocupación y displicencia en el trámite de un caso." Id.

A su vez, esta Curia se ha expresado en cuanto al **Canon 35** de Ética Profesional, *supra*. Este canon establece en lo pertinente, que:

> La conducta de cualquier miembro de la profesión legal ante los tribunales para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.

Es decir, la conducta de un abogado o abogada debe ser sincera y honrada frente a todos, tanto los tribunales como las partes adversas en un caso, y ante todo acto concebible del proceso judicial. In re Iglesias García, 183 D.P.R. 572 (2011). En In re Reyes Coreano, *supra*, apuntamos que

> El deber del Canon 35, *supra,* se infringe por el simple hecho de faltar a la verdad, independientemente de los motivos de la falsedad. En esencia, no es necesario que se haya faltado a la verdad deliberadamente o con la intención de defraudar o engañar. Por lo tanto, no es defensa que no se haya obrado de mala fe o deliberadamente, ni con intención de engañar, como tampoco lo es que no se le haya causado daño a un tercero. **Lo fundamental es que se falte a los valores de honradez y veracidad, pilares de la profesión legal**. Id. pág. 8. (Énfasis suplido)

Por último, el **Canon 38** del Código de Ética Profesional, *supra*, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Por ende, este Canon "le exige a todo abogado conducirse en forma que exalte la dignidad y el honor de su profesión." Id. pág. 8. Es por ello que hemos señalado enfáticamente que "por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". In re Santiago Ríos, 172 DPR 802, 822 (2007); In re Quiñones Ayala, 165 DPR 138, 145 (2005); In re Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re Ortiz Brunet, 152 DPR 542, 556 (2000).

Además, conviene mencionar que este tribunal ha expresado que las determinaciones de hecho que hace un Comisionado Especial en un procedimiento disciplinario merecen nuestra deferencia, salvo que medie pasión,

prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Ayala Vega, 189 D.P.R. 816 (2013)

A la luz de este crisol doctrinario, pasemos a analizar los hechos de la Querella de epígrafe.

III

Como hemos mencionado, en la Querella se le imputa a la licenciada Guemárez Santiago violar el Canon 17 por presentar un Demanda frívola en contra del doctor Vázquez Quintana. Según podemos colegir del Informe de la Comisionada Especial, no hay duda que la letrada de epígrafe tenía en su posesión dos (2) Informes Periciales de médicos que indicaron que, en su opinión, el doctor Vázquez Quintana no había incurrido en negligencia alguna durante el tratamiento que le proveyó a la clienta de la licenciada Guemárez Santiago. Es decir, previo a comparecer a las puertas del foro judicial, la letrada conocía que ya dos (2) peritos que ella misma contactó no habían encontrado acto negligente por parte del doctor Vázquez Quintana. Estos hechos quedaron probados tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones.

Concurrimos con la Comisionada Especial en que la licenciada Guemárez Santiago violó el Canon 17. Sin duda, la reclamación civil que presentó contra el doctor Vázquez Quintana fue una reclamación frívola por presentarse con el conocimiento de que no se contaba con prueba para sostener las alegaciones. Como hemos visto, la firma de un abogado

en una Demanda es una afirmación sobre su honor de que las alegaciones se hacen de buena fe y que habrá evidencia para sostenerlas. En el caso de la reclamación que presentó la licenciada Guemárez Santiago, hemos visto que esta tenía en su posesión Informes Periciales que exoneraban al demandado. Aun así, decidió presentar una reclamación de impericia médica. Este tipo de práctica es inaceptable y atenta contra la médula misma de la profesión. Es sencillamente insostenible permitir que miembros de la profesión legal utilicen los tribunales para atacar, intimidar o destruir reputaciones de personas a sabiendas de que las alegaciones no se sostienen con la evidencia o documentación que el abogado ha revisado.

Por otro lado, también consideramos que se demostró que la licenciada Guemárez Santiago violó el Canon 18. Como discutimos, este Canon exige que los abogados representen los intereses de sus clientes de manera adecuada y diligente. En este caso, la letrada de epígrafe indujo a error al foro judicial y a la parte demandada al no ser honesta en sus contestaciones a varios pliegos de interrogatorios. Como vimos, el Canon 18 prohíbe que mientras se defienden las causas del cliente, los abogados lleguen al extremo de cometer crasos engaños. En este caso, quedó demostrado que la licenciada Guemárez Santiago ocultó información y le mintió al Tribunal, a sus compañeros abogados y a su propia clienta.

Como si ello no fuera suficiente, compartimos el criterio de la Comisionada Especial en el sentido de que la abogada querellada tenía el control de toda la situación procesal del caso presentado contra el doctor Vázquez Quintana. En este representaba y asesoraba a una clienta, que como producto de su representación legal negligente, **fue demandada y afectada en su patrimonio por decisiones judiciales.**[3] Todo ello producto de las acciones llevadas a cabo por la licenciada Guemárez Santiago al presentar una reclamación judicial frívola.

Por último, encontramos también que la letrada de epígrafe incumplió con los Cánones 35 y 38. Quedó demostrado que esta faltó a su deber de honradez hacia los tribunales, las otras partes y su propia cliente. Esconder la existencia de opiniones periciales que iban en contra de las alegaciones de una Demanda que decidió presentar en el foro judicial es un acto burdamente deshonesto y rebasa las fronteras de lo ético. No nos queda duda de que con ello mostró un pobre respeto al deber de preservar el honor y dignidad de la profesión legal, según lo exige el Canon 38.

En conclusión, quedó demostrado que las actuaciones de la licenciada Guemárez Santiago fueron las que propiciaron la presentación frívola de una Demanda de impericia médica contra el doctor Vázquez Quintana. Esa reclamación permaneció activa en el Tribunal de Primera Instancia por

---

[3] De hecho, consta en autos que la cliente de la licenciada Guemárez Santiago la cual fue demandada por el doctor Vázquez Quintana, tuvo que acogerse a la protección de la Ley Federal de Quiebras.

alrededor de tres (3) años, lo que obligó a la parte demandada a defenderse y simultáneamente forzó al foro judicial a atender un pleito que a todas luces era frívolo. La conducta de la licenciada Guemárez Santiago obstaculizó la función judicial so pretexto de promover los intereses de su cliente. Para colmo, obligó a una parte a defenderse de un pleito que ella sabía era frívolo desde antes de presentarlo. Lo que es más, las acciones de la letrada de epígrafe ocasionaron que su clienta fuera demandada y terminara respondiéndole civilmente al doctor Vázquez Quintana.

Las actuaciones impropias y antiéticas de la licenciada Guemárez Santiago, que quedaron probadas con prueba clara, robusta y convincente son muy serias y deshonran la profesión legal. Por lo tanto, separamos indefinidamente a la licenciada Guemárez de la práctica de la abogacía.

IV

Por todo lo anterior, se suspende inmediata e indefinidamente a la licenciada Guemárez Santiago del ejercicio de la abogacía. La licenciada deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este

Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de Conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        Conducta
                                        Profesional
Gladys E. Guemárez Santiago

                        CP-2012-16

                        SENTENCIA

En San Juan, Puerto Rico, a 18 de septiembre de 2014.

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende a la Lcda. Glayds E. Guemárez Santiago inmediata e indefinidamente del ejercicio de la abogacía.

        La licenciada Guemárez Santiago deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez no intervino. La Jueza Asociada Oronoz Rodríguez está inhibida.


                Camelia Montilla Alvarado
            Secretaria del Tribunal Supremo, Interina