EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Certiorari |
| | 2015 TSPR 9 |
| Juan A. Morales Lozada | 192 DPR ____ |

Número del Caso: CP-2013-4

Fecha: 30 de enero de 2015

Abogado de la Parte Querellada:

       Lcdo. Virgilio Mainardi Peralta
       Lcdo. Ángel Riera Rodríguez
       Lcda. Carmen I. Navas

Oficina de la Procuradora General:

       Lcdo. Salvador Antonetti Stutts
       Procuradora General

       Lcda. Maitte Oronoz Rodríguez
       Subprocuradora General

       Lcda. Yaizamarie Lugo Fontanez
       Procuradora General Auxiliar

Comisionada Especial:

       Hon. Crisanta González Seda

Materia: Conducta Profesional - La suspensión será efectiva el 3 de febrero de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Morales Lozada          CP-2013-4      Conducta
                                               Profesional

PER CURIAM

San Juan, Puerto Rico, a 30 de enero de 2015.

I.

El 31 de enero de 2013, la Oficina de la Procuradora General de Puerto Rico (PG) presentó querella sobre conducta profesional contra el Lcdo. Juan A. Morales Lozada (en adelante el querellado o licenciado). La querella presentada por la PG, en el presente asunto, imputaba la violación al Canon 38 de Ética Profesional, 4 LPRA AP. IX, C. 38. La situación que da base a esta imputación de violación al Canon 38 surgió como consecuencia de una queja presentada por la

Sra. Giselle Cuevas Soldevilla (Cuevas Soldevilla o quejosa), sobre alegadas actuaciones del querellado que culminaron en la radicación de varios cargos criminales contra el licenciado. En cuanto a estos cargos, el licenciado hizo alegación de culpabilidad por algunos en su modalidad de menos graves, mientras en cambio, el Ministerio Público archivó un cargo menos grave y reclasificó otro de grave a menos grave.

El licenciado Morales Lozada fue admitido a la práctica de la abogacía el 13 de enero de 1992 y al ejercicio de la notaría el 28 de julio del mismo año. Así las cosas, el 6 de mayo de 2005 se le suspendió indefinidamente del ejercicio de la abogacía mediante Opinión *Per Curiam.*[1] Esta Curia suspendió al licenciado Morales Lozada en aquella ocasión por incumplir con nuestras órdenes en cuanto a una queja independiente en la que se le imputaban violaciones de los Cánones 12, 18 y 20 de Ética Profesional, 4 LPRA AP. IX, C. 12, 18 y 20.

Así las cosas, y mientras el licenciado se encontraba suspendido, el 22 de junio de 2006 el PG presentó su informe sobre la queja que hoy nos ocupa. Esta Curia paralizó los procedimientos sobre el asunto para que fuera considerado en la eventualidad de que el licenciado solicitara la readmisión a la abogacía. El 29 de abril de 2011, el licenciado fue readmitido al

---

[1] *In re: Morales Lozada*, 164 DPR 748 (2005).

ejercicio de la abogacía y el 29 de agosto de 2012, se ordenó la continuación de los procedimientos sobre la queja pendiente.

En la queja presentada el 13 de agosto de 2003 por la señora Cuevas Soldevilla, ésta alegó que se desarrolló una situación tensa con el licenciado por un estacionamiento comunal que ambos compartían en la residencia de la quejosa, donde la pareja del licenciado rentaba un espacio. Además, señaló que el 21 de febrero de 2003 el licenciado la agredió cuando pinchó a la señora Cuevas Soldevilla en la mano con el cristal del vehículo, y después al atacarla con el cuerpo. La perjudicada fue atendida por personal médico, que luego le diagnosticó trauma en el páncreas. Por estos hechos se le presentaron cargos criminales al licenciado. Así las cosas, el 29 de marzo de 2003, el Agente de la Policía José Colón Morales intentó entregarle unas citaciones al querellado para comparecer al Tribunal, pero alegadamente el licenciado se resistió al arresto haciendo uso de violencia contra el agente. Todo lo anterior provocó que la Hon. Corally Ramos Prado, jueza del Tribunal de Primera Instancia, emitiera el 1 de abril de 2003 una Orden de Protección al amparo de la Ley Contra el Acecho en Puerto Rico contra el licenciado.

Así, transcurrido menos de un mes de la expedición y notificación de la Orden, el 25 de abril de 2003 el Ministerio Público ordenó que se sometiera al querellado

una denuncia por haber violado la Orden, bajo el Art. 4 de la Ley Contra el Acecho en Puerto Rico, Ley Núm. 284-1999, tipificada como delito grave. Posteriormente, el tribunal determinó causa para arresto por violación a la referida Orden y se le impuso una fianza de $15,000 al licenciado. En vista preliminar, el Ministerio Público reclasificó el delito imputado por la violación a la Orden a uno menos grave bajo el Art. 10 de la Ley 284, supra.

El 5 de abril de 2004, el Ministerio Público reclasificó además la violación al Art. 256 del Código Penal, empleo de violencia contra autoridad pública, a una por el Art. 258 del Código Penal, resistencia u obstrucción a la autoridad pública. Es decir, se reclasificó la misma de un delito grave a uno menos grave. Así las cosas, el licenciado hizo alegación de culpabilidad por los hechos del 29 de marzo de 2003 contra el oficial de la Policía y se le sentenció al pago de $100 de multa, más las costas.

Además, el 8 de junio de 2004, un año y medio después de habérsele denunciado por los delitos menos graves de agresión contra la señora Cuevas Soldevilla, el licenciado hizo alegación de culpabilidad. Por ello, el tribunal lo sentenció a pagar una multa de $100 más costas. Ese mismo día, el licenciado hizo además alegación de culpabilidad por violación a la Orden emitida en su contra al amparo de la Ley Contra el Acecho

en Puerto Rico, supra, y fue sentenciado a una multa adicional de $100 más costas. Como parte de los acuerdos por hacer la alegación de culpabilidad en los cargos por agresión agravada y violación a la Orden, el Ministerio Público archivó el cargo por Alteración a la Paz.[2]

## II.

El Código de Ética Profesional, supra, recoge las normas mínimas de conducta que regulan la profesión de la abogacía y promueven las guías de comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia.[3]

En lo relativo al caso que nos ocupa, el Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Dicho canon además dispone que, "[p]or razón de la confianza pública depositada en el abogado, éste debe de conducirse en forma digna y honorable tanto en su vida privada como en el desempeño de su profesión".[4]

---

[2] Art. 260 del Código Penal de 1974, 33 LPRA 4521 (1974).

[3] In re: Guemárez Santiago, 2014 TSPR 112; In re: Ortiz Delgado, 189 DPR 826 (2013), In re: Falcón López, 189 DPR 689 (2013).

[4] Id.

En múltiples ocasiones hemos señalado que cada abogado representa la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce.[5] En vista de esto, se le recomienda a todos los abogados actuar a un nivel superior, y no al margen, de lo establecido por los Cánones de Ética Profesional.[6]

En cuanto a la apariencia de conducta impropia, la misma puede resultar muy nociva al respeto de la sociedad por sus instituciones de justicia y afecta la confianza que los clientes depositan en sus abogados, de la misma forma que lo haría la verdadera "impropiedad ética".[7]

### III.

Como hemos mencionado, en la querella se le imputa al licenciado Morales Lozada haber incurrido en actuaciones que culminaron en la radicación de varios cargos criminales en su contra. En esencia, el licenciado agredió a la señora Cuevas Soldevilla repetidamente causándole un trauma en el páncreas. Estos hechos provocaron que el tribunal emitiera una orden de protección a favor de la perjudicada, la cual el licenciado no respetó. Como si esto no fuera suficiente, el licenciado interfirió violentamente con un agente del

---

[5] In re: Guemárez Santiago, 2014 TSPR 112; In re: Santiago Ríos, 172 DPR 802, 822 (2007); In re: Quiñones Ayala, 165 DPR 138, 145 (2005); In re: Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re: Ortiz Brunet, 152 DPR 542, 556 (2000).

[6] In re: Nogueras Cartagena, 150 DPR 667 (2000).

[7] In re: Sepúlveda Girón, 155 DPR 345 (2001).

orden público mientras el agente en cumplimiento de su deber pretendía entregarle una citación al licenciado. En cuanto a estos cargos, el licenciado hizo alegación de culpabilidad por algunos en su modalidad de menos graves, entre ellos agresión y resistencia u obstrucción a la autoridad pública.

La conducta incurrida por el licenciado es altamente repudiada en nuestra sociedad y viola así los estándares esperados para los miembros de la clase togada. El licenciado nos solicita que consideremos como atenuantes el tiempo transcurrido y el haber hecho alegación de culpabilidad en los delitos imputados. Sin embargo, cabe destacar que la alegación de culpabilidad se da a más de un año de los hechos y de haberse iniciado el proceso en su contra. Además, tal alegación fue producto de un acuerdo en el cual el licenciado se favorecía al ser reclasificados todos los cargos graves en su contra a menos graves. Nos encontramos ante un licenciado que ha violentado en más de una ocasión los estándares de conducta esperados en los miembros de nuestra profesión. El uso de violencia física contra un ciudadano y un agente del orden público mientras este realiza su trabajo es sencillamente inaceptable. A pesar de que el licenciado Morales Lozada insiste en que dicha conducta no es constitutiva de violación ética, no nos queda duda de que con esta conducta se mostró un pobre

respeto al deber de preservar el honor y dignidad de la profesión legal, según se exige en nuestro Canon 38.

IV.

Por todo lo anterior, y tomando en consideración los atenuantes antes señalados, este Tribunal suspende inmediatamente al licenciado Morales Lozada por el término de seis (6) meses del ejercicio de la abogacía. El licenciado deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan A. Morales Lozada             CP-2013-4        Conducta
                                                    Profesional


SENTENCIA

San Juan, Puerto Rico, a 30 de enero de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediatamente al Lcdo. Juan A. Morales Lozada por el término de seis (6) meses del ejercicio de la abogacía. El licenciado deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y la Jueza Asociada señora Pabón Charneco no intervinieron. La Jueza Asociada Oronoz Rodríguez está inhibida.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo