EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | |
|---|---|
| In re: <br><br><br> Nereida Rivera Navarro | 2015 TSPR 100 <br><br> 193 DPR ____ |

Número del Caso: CP-2013-17

Fecha: 22 de junio de 2015

Resolución elevada por:

      Hon. Héctor Clemente Delgado
      Juez Superior
      Tribunal de Primera Instancia
      Sala Superior de Bayamón

Materia: Conducta Profesional - La suspensión de la abogada será efectiva el 20 de julio de 2015, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nereida Rivera Navarro          CP-2013-17     Conducta
                                               Profesional

PER CURIAM

San Juan, Puerto Rico, a 22 de junio de 2015.

I

El 4 de junio de 2013, la Oficina de la Procuradora General de Puerto Rico (PG) presentó querella sobre conducta profesional contra la Lcda. Nereida Rivera Navarro (en adelante la querellada o licenciada). La querella presentada por la PG imputaba la violación a los Cánones 8, 9, 12, 18, 20, 23, 35 y 38 de Ética Profesional[1]. La situación que da base a la imputación de estas violaciones a los Cánones de Ética Profesional

---

[1] 4 LPRA AP. IX.

surgió como consecuencia de una queja presentada el 21 de octubre de 2009 por el Honorable Héctor Clemente Delgado, Juez Superior del Tribunal de Primera Instancia.

En su queja, el togado refiere a nuestra atención a la abogada de epígrafe por entender que las actuaciones de la licenciada en el caso Jennie Marie Hayeck Arroyo v. Teresa Pérez Guevara, civil número D AC2004-1725, sobre liquidación de sociedad legal de gananciales y partición de herencia, constituían conducta prohibida por los mencionados cánones de ética. En el referido caso la licenciada Rivera Navarro representaba a la señora Jennie Hayeck Arroyo, como parte demandante.

El honorable Juez Clemente Delgado expuso en su Resolución que, la licenciada se encontraba en posesión de la suma de $92,667.53, pertenecientes al caudal hereditario del caso. En un principio estos fondos le fueron entregados por su clienta para ser consignados en el Tribunal. Sin embargo, la licenciada Rivera Navarro, sin estar autorizada por la Sucesión, los depositó en una cuenta personal en la cual ella era la única firmante autorizada.

Según surge del expediente, el 18 de mayo de 2004, la licenciada Rivera Navarro presentó un escrito titulado *Moción Solicitando Remedios Provisionales*. En el mismo, se informó que el causante Luis Manuel Arroyo Palou –abuelo materno de la Sra. Jennie Hayeck Arroyo-, al

momento de su fallecimiento poseía varias cuentas y una caja de seguridad en una institución bancaria.[2] Además, el escrito señalaba que la también causante María Luisa Arroyo Matta —madre de la Sra. Jennie Hayeck Arroyo— poseía por su parte varias cuentas bancarias al momento de fallecer.[3]

Así las cosas, la licenciada Rivera Navarro solicitó al tribunal que se emitieran varias órdenes dirigidas a las instituciones bancarias, a los efectos de congelar las cuentas para evitar que los fondos fueran dilapidados. Estas órdenes fueron emitidas por el Tribunal de Primera Instancia, según solicitado. A pesar de lo anterior, el 14 de marzo de 2006, a solicitud de la clienta de la licenciada Rivera Navarro el Banco Santander canceló las cuentas de los causantes y emitió cinco cheques, dos a nombre de la señora Hayeck y otros tres a nombre de varios miembros de la Sucesión.

Luego de recibido los cinco cheques, la señora Hayeck retuvo y cambió dos de estos, pertenecientes a las cuentas de la causante María Arroyo Matta, ya que era única heredera. En cambio, los otros tres cheques, pertenecientes al caudal hereditario del Sr. Luis Manuel Arroyo Palou, fueron entregados a la licenciada Rivera Navarro, para que los consignara en el Tribunal de

---

[2] El Sr. Luis Manuel Arroyo Palou falleció el 24 de junio de 2003.

[3] La Sra. María Luisa Arroyo Matta falleció el 9 de octubre de 2003.

Primera Instancia. No obstante, estos cheques, cuya cantidad total era de $100,567,78, fueron endosados y depositados por la licenciada en una cuenta bancaria personal en la cual aparecía ella como única persona autorizada.

En la Conferencia con Antelación a Juicio celebrada el 17 de febrero de 2009, la parte demandada solicitó al tribunal que se emitiera una orden de arresto contra la representada de la licenciada Rivera Navarro. Esto pues, la señora Hayeck no estaba presente para explicar las razones por las cuales se había retirado sin autorización, el dinero de las cuentas bancarias pertenecientes al caudal hereditario. Por su parte, la licenciada Rivera Navarro suplicó al tribunal que no emitiera la orden de arresto contra su clienta. Al serle negada su petición por el tribunal, la licenciada informó que ella tenía en su oficina dos de los cheques que sumaban sobre $92,667.53, pero que por la fecha en que se emitieron, se debían hacer cheques nuevos. Añadió que el resto del dinero había sido utilizado por su clienta, la señora Hayeck. A pesar de la argumentación de la licenciada, el tribunal emitió una orden de arresto contra la señora Hayeck con una fianza de $2,000 y la citó para que compareciera el 4 de marzo de 2009 para aclarar el asunto.

Según surge del Informe de la Comisionada, ese mismo día, 17 de febrero de 2009, la parte demandada llamó a la atención del tribunal que contrario a lo expresado por la parte demandante, el expediente de la institución bancaria reflejaba que los cheques de referencia no estaban en posesión de la licenciada en su oficina, sino que habían sido endosados y depositados por la licenciada Rivera Navarro en una cuenta personal exclusiva.

La parte demandada solicitó la descalificación de la licenciada Rivera Navarro del caso por las implicaciones éticas que lo anterior pudiese representar. El foro de instancia accedió y señaló la vista para el 27 de abril de 2009 en la cual se discutiría la descalificación de la licenciada. A dicha vista la licenciada no se presentó, ni excusó su incomparecencia. Posteriormente el tribunal concedió la descalificación.

El 6 de julio de 2009, se celebró otra vista en la que Jennie Hayeck declaró bajo juramento ante el tribunal que mediante cartas y llamadas telefónicas le había solicitado la renuncia y la devolución del expediente a la licenciada Rivera Navarro. Además testificó que la licenciada había acordado con ella que asistiría a la vista, pero no cumplió. En respuesta para el record, el tribunal resolvió que "para todo fin práctico y legal la licenciada Rivera Navarro no es abogada de la parte demandante, primero porque fue descalificada y segundo

porque la parte demandante indicó bajo juramento que no la quiere como abogada". Además, el tribunal le concedió cinco días a la licenciada Rivera Navarro para que entregara el expediente a la demandante.

Así las cosas, ante el reiterado incumplimiento de la licenciada, el 6 de octubre de 2009, el tribunal emitió orden en la cual citó vista para el 23 de diciembre de 2009 para que la licenciada Rivera Navarro mostrara causa por la cual no debía encontrarse en desacato por incumplir con las ordenes anteriores. La misma fue ordenada para que se diligenciara personalmente por conducto de la Oficina de Alguaciles del Tribunal de Bayamón, aun fuera de horas laborables.

El 28 de octubre de 2009 la Unidad de Citaciones Arrestos del tribunal de Caguas certificó para el tribunal de Bayamón las gestiones realizadas para notificar la orden a la licenciada, sin tener éxito. No obstante a no haber sido notificada, la licenciada Rivera Navarro compareció a la vista del 23 de diciembre de 2009 y consignó un giro por la cantidad de $48,687.32.[4] Además, solicitó que se descongelara su cuenta personal en el Banco Popular, que había sido previamente congelada

---

[4] El giro de $48,687.32 estaba girado a favor de Jennie Marie Hayeck y Teresa Pérez, por lo que se le ordenó acudir a una sucursal del Banco Popular cercana para que se sustituyera por uno a favor del Secretario del Tribunal.

para asegurar la disponibilidad de los fondos adeudados.[5] De esta forma, adujo la licenciada Rivera Navarro, podría pagar los restantes $43,980.21. El tribunal le concedió 10 días a la licenciada para consignar el resto del dinero.

A pesar de varios trámites procesales a estos fines, la licenciada incumplió con dichas órdenes. Según surge en la Minuta del 8 de septiembre de 2010, el Tribunal de Primera Instancia hizo constar que a dicha fecha la licenciada aun debía el dinero, incumpliendo así con las órdenes del tribunal.

II.

### *Infracción al Canon 8*

El Código de Ética Profesional, *supra,* recoge las normas mínimas de conducta que regulan la profesión de la abogacía y promueven las guías de comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia.[6]

En lo relativo al caso que nos ocupa, el Canon 8 del Código de Ética Profesional, *supra,* dispone que el

---

[5] Al momento no tenemos certeza absoluta en cuanto a si dichos fondos fueron descongelados. Sin embargo, vale destacar que el tribunal de instancia le ordenó en varias ocasiones más que restituyera los fondos restantes, pero a la fecha de la presentación de la queja ello aún no había ocurrido. Además, actualmente hay un pleito civil pendiente en el cual miembros de la Sucesión están reclamándole a la licenciada Rivera Navarro la restitución de estos fondos. Por lo anterior, entendemos que la licenciada Rivera Navarro no ha restituido el dinero perteneciente al caudal hereditario.

[6] In re Guemárez Santiago, 2014 TSPR 112; In re Ortiz Delgado, 189 DPR 826 (2013), In re Falcón López, 189 DPR 689 (2013).

abogado o la abogada "no debe permitir que sus clientes, en el trámite de los asuntos que crean la relación de abogado y cliente, incurran en conducta que sería impropia del abogado si él la llevase a cabo personalmente".[7]

En el caso <u>Jennie Marie Hayeck Arroyo v. Teresa Pérez Guevara</u>, civil número D AC2004-1725, la prueba dispone que Jennie Hayeck acudió a la institución bancaria en la cual se encontraba el dinero perteneciente al caudal hereditario y retiró el mismo. Esto a sabiendas de que a petición de su representación legal, se habían congelado las cuentas para que las partes no pudieran retirar los fondos. Al momento de incurrir en tal conducta, la señora Hayeck se encontraba representada y asesorada por la licenciada Rivera Navarro, la cual retuvo varios de los cheques sin consignarlos inmediatamente en el tribunal.

Indudablemente, la licenciada Rivera Navarro no tan solo representaba, asesoraba y conocía de las acciones de su cliente, sino que colaboró activamente con su conducta. Esto pues, si bien los cheques fueron emitidos a petición de su clienta con fecha del 14 de marzo de 2007, la licenciada los depositó en su cuenta personal el 29 de junio de 2007, sin notificar de lo sucedido a las partes del pleito. De esta forma, guardó silencio ante reclamos de la otra parte, e incluso ante

---

[7] Canon 8 del Código de Ética Profesional, 4 L.P.R.A. Ap. VIII

cuestionamientos por parte del tribunal sobre el paradero de estos fondos.

No es hasta luego de que la parte demandada la confrontara con el expediente de la institución bancaria en la que se demuestra que fue la licenciada quien endosó y depositó los cheques que esta admitió que tenía conocimiento de estas actuaciones. Así, luego de múltiples órdenes del tribunal, y continuos incumplimientos por parte de la licenciada, poco a poco la querellada devolvió parte de estos fondos. Sin embargo, al momento del inicio de este proceso disciplinario la licenciada aun debía una suma significativa de los fondos pertenecientes al caudal hereditario del pleito. Es precisamente la conducta en la que incurrió la licenciada Rivera Navarro la que prohíbe el Canon 8 de Ética Profesional. Por ello, en definitiva, la querellada infringió el Canon 8 con su forma de proceder.

III.

*Infracción al Canon 9*

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, obliga al abogado a cumplir con su deber de atender pronta y diligentemente las órdenes del tribunal. De esta forma, se le exige a los abogados o abogadas a comparecer a los señalamientos notificados por el tribunal. Lo anterior es corolario del respeto

profundo que se le exige tener a los abogados hacia el foro judicial.[8]

En el pasado hemos reiterado en innumerables ocasiones que "la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, en directa violación al deber de la conducta exigida por el referido Canon [9]".[9]

Un análisis del trámite procesal del caso que propició esta querella revela que la Lcda. Nereida Rivera Navarro hizo caso omiso en reiteradas ocasiones a las órdenes del Tribunal de Primera Instancia que le requerían consignar en el tribunal las sumas de dinero del caudal hereditario que retenía sin autorización de las partes en su cuenta personal. No obstante, la licenciada hizo caso omiso a las órdenes del tribunal a esos fines y optó por retener las mismas en su poder, en lo que constituye una clara falta de respeto al tribunal.[10]

El continuo incumplimiento con las órdenes del tribunal por parte de la licenciada Rivera Navarro ocasionó un sinnúmero de inconvenientes a las partes y al

---

[8] In re Nieves Nieves, 181 DPR 25 (2011). Véase además, In re Otero Fernández, 145 DPR 582 (1998).

[9] In re Nieves Nieves, supra, pág. 36; In re Roldos Matos, 161 DPR 373, 383 (2004), citando el texto no publicado de In re Quevedo Cordero, 147 DPR Ap. (1999).

[10] Según se desprende del expediente al momento de iniciarse el proceso disciplinario contra la licenciada Rivera Navarro, aun se adeudaba una suma considerable del dinero perteneciente al caudal hereditario del pleito.

tribunal. En definitiva, la actuación de la licenciada laceró la búsqueda de la justicia, y es incompatible con la conducta esperada en los miembros de esta profesión. Sin duda, la conducta de la licenciada infringió el Canon 9, *supra*.

IV.

*Infracción al Canon 12*

El Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone:

> *Canon 12.* **Puntualidad y tramitación de las causas**
>
> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

El mencionado Canon le impone al abogado ser puntual y diligente al momento de tramitar las causas.[11] Asimismo, exige a los abogados ser responsables en la tramitación de los casos que les son encomendados, para evitar que se entorpezca su resolución.[12]

A su vez, en el pasado hemos resuelto que el abogado debe cumplir con la obligación que se establece en el

---

[11] *In re Vélez Lugo*, 168 DPR 492, 496 (2006).

[12] *In re López Montalvo*, 173 DPR 193 (2008).

Canon 12 en todas las etapas de un litigio.[13] Además, hemos enfatizado que los abogados deben la más estricta observancia a las órdenes judiciales. Los abogados que no presten la diligencia requerida, pueden quedar sujetos al rigor disciplinario.[14] Así, es norma claramente establecida que "la desobediencia de las órdenes del tribunal demuestra una grave infracción a los principios básicos de ética profesional, que exigen el mayor respeto hacia los tribunales".[15]

La falta de diligencia de la licenciada Rivera Navarro en la tramitación del caso se manifestó al no atender las órdenes y requerimientos del tribunal mientras fungió como representante legal de Jennie Hayeck. Lo anterior provocó la celebración de incidentes procesales para la resolución del pleito que de haber actuado diligentemente la licenciada, no hubieran sido necesarios celebrarlos. Esto hizo que el caso se dilatara injustificadamente y provocó gastos adicionales a la clienta de la licenciada Rivera Navarro. La falta de diligencia en el trámite del caso por parte de la licenciada Rivera Navarro provocó la violación al Canon 12, *supra.*

---

[13] In re Collazo I, 159 DPR 141 (2003); In re Pagán Hernández, 141 DPR 113 (1996).

[14] In re Collazo I, supra, pág. 148.

[15] In re Nieves Nieves, supra. Véase además, In re Collazo I, supra, pág. 149.

**V.**

*Infracción del Canon 18*

El Canon 18, 4 L.P.R.A. Ap. IX, establece como sigue:

> *Canon 18.* **Competencia del abogado y consejo al cliente**
>
> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Las actuaciones de la licenciada Rivera Navarro van en contra de la letra clara de este Canon, toda vez que no se desempeñó de forma competente al defender los intereses de su clienta. Por el contario, la licenciada hizo caso omiso a su deber de proteger los intereses de ésta y desempeñarse a la altura que requiere la profesión legal. La desatención de las órdenes del tribunal por parte de la licenciada y sus otras acciones han provocado que la señora Hayeck esté siendo demandada por lo acontecido ante los tribunales mientras era representada legalmente por la licenciada Rivera Navarro. Sin lugar a dudas, el desempeño de la licenciada en el referido caso no se ajusta a lo esperado de los miembros de nuestra profesión legal al amparo del Canon 18, supra.

VI.

*Infracción del Canon 20*

El Canon 20, 4 L.P.R.A. Ap. IX, dispone lo siguiente:

> *Canon 20.* **Renuncia de representación legal**
>
> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> Antes de renunciar a la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.
>
> Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.

Como hemos mencionado, indudablemente al retener el dinero sin autorización de la comunidad hereditaria y no consignarlo, la licenciada Rivera Navarro provocó un conflicto con los mejores intereses de su clienta. Así se le advirtió desde la vista celebrada el 9 de febrero

de 2009. Por su parte, el tribunal descalificó a la licenciada Rivera Navarro del caso. Además, su representada manifestó reiteradamente su deseo de que la licenciada renunciara a su representación legal y devolviera el expediente. Sin embargo, a pesar de haber sido descalificada y de la solicitud de su clienta, la licenciada no devolvió el expediente inmediatamente como exige el Canon 20, supra. Cuando un cliente solicita la entrega del expediente, el abogado viene obligado a entregarlo de inmediato y sin dilación alguna.[16] La actuación de la licenciada claramente violó el mencionado canon.

VII.

*Infracción del Canon 23*

En lo pertinente a nuestro caso, el Canon 23, 4 L.P.R.A. Ap. IX, establece como sigue:

*La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.*

En el pasado hemos interpretado como una práctica altamente lesiva a la profesión legal el que los abogados retengan fondos de sus clientes.[17] De igual modo hemos enfatizado en que "[n]i la devolución del dinero retenido

---

[16] In re Avilés Vega, 141 DPR 627 (1996).

[17] In re Colón Hernández, 189 DPR 275, 283-284 (2013); In re Rivera Lozada, 176 DPR 215 (2009).

al cliente, ni la falta de intención para apropiárselos permanentemente eximen a un abogado de la sanción disciplinaria correspondiente".[18] Así, hemos aclarado que tan solo "la dilación en la devolución de los fondos, de por sí, es causa suficiente para infringir el Canon 23.[19]

La licenciada Rivera Navarro recibió de su clienta tres cheques pertenecientes al caudal hereditario que era materia del pleito. La letrada estaba encargada de consignar el dinero inmediatamente en el tribunal. Sin embargo, la licenciada retuvo los cheques en su posesión y posteriormente los endosó y depositó en una cuenta bancaria personal exclusiva. Además, guardó silencio sobre el paradero de estos cheques a las otras partes del pleito en repetidas ocasiones cuando se le cuestionó. No es hasta que se solicitó una orden de arresto contra su representada que notificó que poseía los mismos, aunque no informó que habían sido depositados en una cuenta personal.

Por las actuaciones de la licenciada, se tomaron medidas en contra de su entonces clienta e incluso, posteriormente se inició un proceso civil en su contra a los fines de recuperar este dinero. Al momento de iniciado este proceso disciplinario se le había ordenado varias veces por el tribunal a la licenciada Rivera

---

[18] In re Colón Hernández, supra, pág. 284.

[19] Íd.; In re Rivera Lozada, 176 DPR 215 (2009); In re Bonilla Berlingeri, 175 DPR 897 (2009); In re Ríos Ríos, supra.

Navarro que devolviera el dinero, pero esta hizo caso omiso. La conducta desplegada por esta letrada incumple con el Canon 23, supra, y es repudiada por ir en contra de la conducta que se les exige a los miembros de la profesión legal.

## VIII.

### *Infracción del Canon 35*

El Canon 35, 4 L.P.R.A. Ap. IX, dispone que:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. Es impropio variar o distorsionar las citas jurídicas, suprimir parte de ellas para transmitir una idea contraria a la que el verdadero contexto establece u ocultar alguna que le es conocida.
>
> El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar afidávit u otros documentos, y al presentar causas. El destruir evidencia documental o facilitar la desaparición de evidencia testifical en un caso es también altamente reprochable.

En el pasado esta Curia ha enfatizado que el Canon 35, supra exige a todo miembro de nuestra profesión legal desempeñarse con sinceridad, exaltación del honor y dignidad de la profesión.[20] Así, el abogado incumple con este deber al proveer información falsa, que no se ajuste a la verdad, o que oculte información que deba ser

---

[20] In re Nieves Nieves, supra, pág. 41.

revelada al tribunal.[21] No puede ser de otra forma, pues nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales.[22]

Surge del Informe de la Comisionada Especial que la licenciada Rivera Navarro ha hecho falsas representaciones tanto al Tribunal de Primera Instancia como a este Tribunal Supremo, "tratando de desvirtuar la realidad de lo verdaderamente sucedido con el dinero que se le entregó para ser consignado; ofreciendo versiones contradictorias entre sí y ajenas a la verdad".[23] En un principio la licenciada alegó desconocer el paradero del dinero en controversia. Posteriormente, alegó al Tribunal de Primera Instancia que los cheques se encontraban en su oficina, pero que debían ser emitidos unos cheques nuevos por la fecha. No obstante, la parte demandada ostentaba el expediente de la institución bancaria que reflejaba que a la fecha esos cheques ya habían sido endosados y depositados en una cuenta bancaria personal de la licenciada.

Las actuaciones de la licenciada provocaron incidentes innecesarios que retrasaron en gran medida la resolución del caso de su representada. Estas actuaciones

---

[21] Íd.

[22] Íd., pág. 42; In re Irrizary Vega, 176 D.P.R. 241 (2009).

[23] Informe de la Comisionada Especial Eliadís Orsini Zayas, pág. 23.

afectan perjudicialmente nuestro sistema de administración de la justicia. Con esta conducta la licenciada Rivera Navarro se distanció de la conducta exigida por nuestro Canon 35, supra.

IX.

*Infracción del Canon 38*

El Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Además, dispone que, "[p]or razón de la confianza pública depositada en el abogado, éste debe de conducirse en forma digna y honorable tanto en su vida privada como en el desempeño de su profesión".[24]

En el pasado hemos señalado que cada abogado representa la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce.[25] En vista de esto, se le recomienda a todos los abogados actuar a un nivel

---

[24] Canon 38 del Código de Ética Profesional, supra.

[25] In re Morales Lozada, 2015 TSPR 9; In re Guemárez Santiago, supra; In re Santiago Ríos, 172 DPR 802, 822 (2007); In re Quiñones Ayala, 165 DPR 138, 145 (2005); In re Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re Ortiz Brunet, 152 DPR 542, 556 (2000).

superior, y no al margen, de lo establecido por los Cánones de Ética Profesional.[26]

La conducta de la licenciada Rivera Navarro violó los Cánones 8, 9, 12, 18, 20, 23, 35 y 38 de Ética Profesional, sino que demuestra un aparente patrón de menosprecio por el honor y la dignidad a la profesión. En vez de desempeñarse con propósito de exaltar el respeto y honor por la profesión legal, la gravedad de sus acciones ofende y lesionan la imagen de toda la profesión legal. Sin duda alguna, esta forma de desempeñarse incumple con los parámetros establecidos por el Canon 38, supra.

X.

Por todo lo anterior, este Tribunal suspende inmediata e indefinidamente a la licenciada Rivera Navarro del ejercicio de la abogacía y la notaría. La licenciada deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

---

[26] In re Morales Lozada, supra, pág. 6; In re Nogueras Cartagena, 150 DPR 667 (2000).

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de la Lcda. Nereida Rivera Navarro, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nereida Rivera Navarro          CP-2013-17          Conducta
                                                    Profesional

SENTENCIA

San Juan, Puerto Rico, a 22 de junio de 2015.

Por fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Nereida Rivera Navarro del ejercicio de la abogacía y la notaría. La licenciada deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial de la Lcda. Nereida Rivera Navarro, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Rivera García no interviene.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo