EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Juan O. Rodríguez López | 2016 TSPR 91 <br><br> 195 DPR ____ |

Número del Caso: CP-2013-22

Fecha: 13 de mayo de 2016

Oficina de la Procuradora General:

        Lcda. Karla Z. Pacheco Álvarez
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Abogado del Querellado:

        Por Derecho Propio

Comisionado Especial:

        Hon. Carlos V. Dávila Vélez

Materia: Conducta Profesional – La suspensión será efectiva el 17 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan O. Rodríguez López    CP-2013-22    Conducta
                                         Profesional

PER CURIAM

San Juan, Puerto Rico, a 13 de mayo de 2016.

I

El 9 de octubre de 2013, la Oficina de la Procuradora General de Puerto Rico (PG) presentó una querella sobre conducta profesional en contra del Lcdo. Juan O. Rodríguez López (querellado o licenciado Rodríguez López). La querella imputaba la violación de los Cánones 12, 18 y 38 del Código de Ética Profesional (Código), 4 LPRA AP. IX.

El licenciado Rodríguez López fue admitido a la práctica de la abogacía el 30 de junio de 1995. El 27 de febrero de 2012, el Hon. Jaime José Benero López, en aquel entonces Juez del Tribunal de Primera Instancia, Sala Superior de Ponce,

emitió un Acta en la cual nos refirió la conducta del licenciado Rodríguez López en el proceso criminal <u>Pueblo de Puerto Rico v. Radamés Rosario Díaz</u>, JITR2011-00843, ello para que el asunto fuera evaluado a la luz de los Cánones de Ética Profesional (Cánones). En esencia, el juez expuso que el patrón de conducta del licenciado Rodríguez López durante el juicio provocó dilaciones excesivas en el proceso y que su reacción a la sanción impuesta podría estar en violación a la conducta requerida por los Cánones.

En lo pertinente, en el Acta se estableció lo siguiente:

> (…)
>
> A preguntas del Tribunal, informa el acusado que se ha tratado de comunicar con el abogado y no ha podido.
>
> Señala el Tribunal que se emitió una orden de mostrar causa contra el abogado por la cual no se debiera imponérsele una sanción de $1,000. Sin embargo, se le indica al señor alguacil que informe si la misma fue diligenciada porque al abogado hay que también darle el debido proceso de ley.
>
> Informa el alguacil de sala que la misma fue diligenciada el 13 de febrero de 2012.
>
> (…)
>
> El alguacil de sala, a preguntas del Tribunal, informa que el licenciado no se ha comunicado a la Sala 504, no ha llamado a esta Sala, ni se ha comunicado con su secretaria.

El 30 de marzo de 2012, emitimos una Resolución concediendo el término de 20 días al licenciado Rodríguez López para que se expresara en torno al Acta de la vista del 23 de febrero de 2012 en el Tribunal de Primera

Instancia. Transcurrido el término y sin haber recibido respuesta por parte del licenciado Rodríguez López, el 27 de marzo de 2012, el foro de instancia emitió una Resolución, un Acta enmendada y presentó una *Moción informando envío de transcripción*, en la cual se presentó para el expediente la transcripción de la vista del 23 de febrero de 2012. Por lo anterior, el 3 de mayo de 2012, le concedimos un nuevo término de 20 días al licenciado Rodríguez López para que se expresara en respuesta a la Resolución y a la transcripción de la vista presentada por el Tribunal de Primera Instancia.

El 7 de mayo de 2012, el licenciado Rodríguez López presentó su *Contestación a queja,* en la cual expuso su posición en cuanto a la situación en controversia. En su escrito expresó que asumió la representación legal del Sr. Radamés Rosario Díaz (señor Rosario Díaz) apenas dos días antes de la vista del 14 de diciembre de 2011. Alegó que ese mismo día le informó al señor Rosario Díaz que el día de la vista tenía otros asuntos señalados previamente fuera de la jurisdicción de Ponce. El licenciado Rodríguez López arguyó que por no poder asistir a la vista, orientó al cliente que compareciera temprano a la Sala 504, para excusar su ausencia. Además, según nos expuso, le dejó saber a su cliente que él personalmente llamaría al tribunal para excusarse y explicar los motivos de su incomparecencia.

En cuanto a la vista del 24 de enero de 2012, el licenciado Rodríguez López expresó que mientras se dirigía al Tribunal de Primera Instancia de Ponce, recibió una llamada de un contratista que estaba realizando labores de construcción en su oficina en Ponce. En dicha llamada el contratista le comunicó que personal de la Oficina de Permisos del Municipio de Ponce se había presentado en los predios y estaban solicitando los permisos de construcción y no los encontraban. Por ello, el licenciado Rodriguez López tuvo que desviarse y atender la situación personal en su oficina, en ese momento, para que no se paralizaran las labores de construcción. No obstante, alegó que se comunicó inmediatamente con el Tribunal de Primera Instancia para explicar la situación y solicitó que se pospusiera la vista para más tarde ese día o se recalendarizara a una fecha posterior. Luego, durante el día, el licenciado acudió al tribunal y se le informó que el caso había sido recalendarizado para el 23 de febrero de 2012, a las 8:30 a.m.

En su contestación, el licenciado expuso que el 23 de febrero de 2012, compareció al Tribunal de Primera Instancia de Ponce, pero se reportó a otras salas, en las cuales tenía otros asuntos pendientes. A eso de las 9:20 a.m., se dirigió hacia la Sala 503 y encontró a su cliente en el pasillo. Su cliente le informó lo acontecido previamente en sala. Así, el

licenciado entró a la sala y el alguacil le indicó lo sucedido y la sanción impuesta en su contra.

El licenciado Rodríguez López alegó que en ese momento reaccionó sorprendido por el suceso y que le expresó al alguacil que, a su entender, el tribunal estaba abusando de su discreción, pues le podían haber dado un turno posterior como se le concede al Ministerio Público cuando la prueba no está presente. Así las cosas, el licenciado Rodríguez López le comentó al alguacil que "el Honorable Tribunal le había en varias ocasiones expresado a [sus] clientes que si no llegaban [con él] inmediatamente los iba a meter preso, en momentos en los cuales [se] encontraba postulando en otras salas".[1] Por último, el licenciado opinó que "el Honorable Juez iba a seguir con esa conducta hasta que alguien le radicara una querella y que las ganas que [l]e daban eran de radicarle una querella".[2] Acto seguido, el alguacil le informó que iba a hablar con el Juez para ver qué se podía hacer. Luego de hablar con el Juez, el tribunal de instancia llamó el caso nuevamente y se le tomó juramento al alguacil para que narrara lo acontecido minutos antes con el licenciado Rodríguez López.

Conforme lo anterior, el 29 de junio de 2012, referimos el asunto al PG para que nos rindiera su informe. El 8 de agosto de 2012, recibimos el Informe del

---

[1] Contestación a queja del 3 de mayo de 2012, del Lcdo. Juan O. Rodríguez López, pág. 3.

[2] Íd.

Procurador General, en el cual nos expuso que durante la investigación se descubrieron algunas incongruencias entre las alegaciones del querellado y la Resolución del 27 de marzo de 2012. En particular, el licenciado Rodríguez López manifestó originalmente que no compareció el 2 de diciembre de 2011, por tener señalamientos previos, mientras que el Acta del tribunal establecía que su cliente había informado a la corte que el licenciado Rodríguez López no podía comparecer por tener un familiar enfermo en San Juan. Además, el PG expuso que en cuanto a la ausencia a la vista del 24 de enero de 2012, el licenciado Rodríguez López antepuso sus intereses personales a los de su cliente.

Así las cosas, el 15 de agosto de 2012, notificada el 17 de agosto de 2012, emitimos una Resolución en la cual le concedimos al licenciado Rodríguez López el término de 20 días para expresarse en torno al Informe del PG. El 18 de septiembre de 2012, el licenciado Rodríguez López compareció mediante *Réplica al Informe del Procurador General*. Con el beneficio de la comparecencia de ambas partes, el 25 de enero de 2013, instruimos a la Procuradora General a que presentara las querellas correspondientes a la luz de la conducta del licenciado.[3]

---

[3] Debido a la designación de la Lcda. Margarita Mercado Echegaray como Procuradora General el 15 de marzo de 2013, en adelante haremos referencia a su oficina como la Oficina de la Procuradora General y a su persona como Procuradora General.

Conforme lo anterior, el 9 de octubre de 2013, la Procuradora General presentó la querella. Ante esto, otorgamos un término de 15 días al licenciado Rodríguez López para contestar la querella. Transcurrido el término sin respuesta por parte de éste, el 27 de diciembre de 2013, notificada el 10 de enero de 2014, concedimos 10 días adicionales al licenciado para que contestara la querella en su contra.

El 30 de abril de 2014, se celebró la conferencia con antelación a la vista. Durante la misma, el licenciado Rodríguez López solicitó un término adicional de 15 días para contestar la querella. Por su parte, la Procuradora General solicitó que se ordenara al Tribunal de Primera Instancia elevar el expediente del caso J1TR201100843. Ese mismo día se señaló la vista en su fondo para el 27 de agosto de 2014.

Según solicitado por la Procuradora General, el 2 de mayo de 2014, el Comisionado Especial emitió una orden en la cual solicitó a la Secretaria Regional del Centro Judicial de Ponce que elevara los autos originales o una copia certificada del expediente del caso y la regrabación de las vistas celebradas los días 2 y 4 de diciembre de 2011, 24 de enero y 23 de febrero de 2012.

Con el beneficio de todo lo anterior, el 27 de agosto de 2014, se celebró la vista en su fondo. En la misma, el Comisionado Especial dirimió la prueba y llegó a las siguientes determinaciones de hechos:

1. El Sr. Radamés Rosario Díaz contrató los servicios profesionales del Lcdo. Juan Carlos Rodríguez en una fecha no especificada del año 2011 para que lo representara en el caso Pueblo de Puerto Rico v. Radamés Rosario Díaz, por Art. 507 (Imprudencia o Negligencia Temeraria) de la Ley de Tránsito, Núm. J1TR201100843 y para que entablara una demanda en daños y perjuicios. Ambos casos están relacionados con un accidente de vehículo de motor.

2. El 2 de diciembre de 2011, fue llamado para vista en su fondo el caso número J1TR201100843 en la Sala 504 del TPI, Sala de Ponce. El imputado, el señor Rosario Díaz, compareció sin representación legal. El señor Rosario Díaz informó al TPI (Hon. Mariano Daumont Crespo, Juez) que su abogado era el licenciado Juan Carlos Rodríguez López. Luego de un receso, el imputado informó que se comunicó con su abogado quien se encontraba en San Juan atendiendo un asunto familiar. La vista se transfirió para el 14 de diciembre de 2011 a las 8:30 a.m. El tribunal ordenó la cancelación de un sello de suspensión.

3. El lunes 12 de diciembre de 2011, dos días antes de la vista en su fondo, el licenciado Juan Carlos Rodríguez López y el señor Rosario Díaz le solicitaron al querellado Juan Oscar Rodríguez López que a partir de ese momento atendiera el caso número J1TR201100843. Le informaron a éste que el juicio estaba señalado para el 14 de diciembre de 2011. El querellado aceptó representar al señor Rosario Díaz y le expresó que no podría comparecer a la vista del 14 de diciembre de 2011.

4. El licenciado Juan Oscar Rodríguez López no presentó una moción solicitando la transferencia de la vista señalada para el 14 de diciembre de 2011. Éste testificó que en tan corto tiempo para solicitar la transferencia de la vista, se acostumbra llamar a la sala el día de la vista para solicitar la misma.

5. El 14 de diciembre de 2011, el caso número J1TR201100843 fue llamado para la vista en su fondo. El imputado compareció sin representación legal. El Ministerio Público expresó estar preparado. El alguacil del salón de sesiones 504 habló por teléfono con el Lcdo. Juan Carlos Rodríguez López, hermano del querellado, quien le indicó que el licenciado Juan Oscar Rodríguez López se encontraba en San Juan. Por lo que no podría comparecer. El tribunal transfirió la vista en su fondo para el 24 de enero de 2012 a las 8:30 a.m. en otro salón de sesiones, el 503 y ordenó la cancelación de un sello de suspensión. Ese mismo día el alguacil notificó

por teléfono el nuevo señalamiento al querellado.

6. El 24 de enero de 2012, el querellado se comunicó por teléfono con el alguacil de la Sala 503 para informar que no podría comparecer por una situación con un proyecto de construcción y que otro abogado lo sustituiría. Al ser llamado el caso estaban presentes el imputado representado por el licenciado Athos Vega en sustitución del licenciado Juan Oscar Rodríguez López, la prueba de cargo y el Ministerio Público. El licenciado Vega informó al tribunal que el licenciado Juan Oscar Rodríguez López no podría comparecer por estar atendiendo una situación relacionada con una construcción que estaba llevando a cabo en su casa. El Hon. Benero García, emitió una orden para que el querellado compareciera el 23 de febrero de 2012 a las 8:30 de la mañana a la Sala 503 para mostrar causa por la cual no deba imponerse una sanción económica por $1,000.00 por su incomparecencia a la vista del 24 de enero de 2012, a pesar de haber sido citado. Le apercibió que de no comparecer a la vista para mostrar causa, se le considerará culpable de desacato al tribunal y se le impondrá la sanción económica de rigor. El imputado y la prueba quedaron citados para el 23 de febrero de 2012 a las 8:30 a.m.

7. El 13 de febrero de 2012, un alguacil notificó personalmente al querellado la orden de mostrar causa del 24 de enero de 2012.

8. El 23 de febrero de 2012, fue llamado el caso del señor Rosario Díaz para juicio. Estaban presentes la prueba de cargo, el Ministerio Público y el imputado sin representación legal. Cuando fue llamado el caso, el querellado se encontraba en otra sala del Centro Judicial de Ponce atendiendo otro asunto. El Tribunal preguntó al alguacil de sala si el querellado se había comunicado esa mañana por teléfono, respondiendo éste que después de verificar con las oficinas de las Salas 503 y 504 el querellado no se había comunicado. Ante la incomparecencia del querellado, el tribunal ordenó citar personalmente al querellado con la notificación de la ejecución del pago de $1,000.00 para el día siguiente a las 5:00 p.m. y transfirió la vista en su fondo para el 20 de marzo de 2012. Posteriormente, a las 9:45 a.m. llegó a la sala el querellado. El alguacil le informó al querellado del nuevo señalamiento y de la sanción impuesta por el tribunal. A lo que el querellado respondió que el juez "se supone que primero me amoneste", que no procedía la imposición de una sanción y que por la acción tomada por el juez, él podría presentar una

querella contra éste. El querellado le indicó al alguacil que él estaba en otra sala atendiendo otro asunto y que había dejado este caso para lo último porque era para verse en los méritos. Procedió el alguacil a entrar a la oficina del juez a informarle de la comparecencia del querellado y de lo manifestado por éste. Habiendo el juez escuchado al alguacil, llamó nuevamente el caso, estando presentes el imputado junto al querellado y el Ministerio Público. El juez ordenó que se tomara juramento al alguacil y una vez juramentado, le solicitó que vertiera para récord lo expresado a éste por el querellado.

(…)

Después de escuchar al alguacil, el tribunal dejó sin efecto la sanción impuesta al querellado, ordenando su archiv[o] bajo la Regla 247-B de Procedimiento Criminal, ordenó la transcripción de la vista y refirió el expediente al Tribunal Supremo para que tomara cartas en el asunto. El juez no le permitió al querellado contrainterrogar al alguacil.

Con el beneficio del expediente del caso y el Informe del Comisionado Especial, pasamos a resolver.

## II

El Código de Ética Profesional, 4 LPRA AP. IX, recoge las normas mínimas de conducta que regulan la profesión de la abogacía y promueven las guías de comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia.[4] Aquellos que ostentan el privilegio de ser admitidos a este Foro, tienen la obligación de actuar siempre de acuerdo a los más altos principios éticos.[5]

---

[4] In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Ortiz Delgado, 189 DPR 826, 830 (2013); In re Falcón López, 189 DPR 689, 695-696 (2013).

[5] In re Rivera Nazario, 2015 TSPR 109, 193 DPR __ (2015); In re Mulero Fernández, 174 DPR 18, 28 (2008).

## A. Canon 12

El Canon 12, *supra*, específicamente impone a los abogados la obligación de ser puntuales en su asistencia, así como ser concisos y exactos en la tramitación de las causas. Este canon dispone que:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

Conforme con lo anterior, los abogados deben la más estricta observancia a las órdenes judiciales, de otro modo, pueden quedar sujetos al rigor disciplinario.[6]

Esta Curia ha resuelto que la continua desobediencia a las órdenes de los tribunales demuestra una grave infracción a los principios básicos de ética profesional, que exigen el mayor respeto hacia los tribunales.[7] El comportamiento de todo abogado "no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial".[8]

Por lo tanto, las incomparecencias injustificadas del abogado a las vistas señaladas por el tribunal y las

---

[6] In re Nieves Nieves, 181 DPR 25, 36 (2011); In re Collazo I, 159 DPR 141, 148 (2003).

[7] In re Collazo I, supra, pág. 149.

[8] In re Nieves Nieves, supra; In re Díaz Alonso, Jr., 115 DPR 755, 762 (1984).

actuaciones que pongan en riesgo la acción de su cliente, son violaciones al Canon 12, *supra*.[9]

### B. Canon 18

El Canon 18, *supra*, impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[10]

Reiteradamente, esta Curia ha expresado que todo miembro de la profesión legal tiene el deber de defender los intereses de sus clientes con un trato profesional caracterizado por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez.[11] Este deber se infringe cuando se asume una representación legal consciente de que no se puede rendir una labor idónea, competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.[12]

Al asumir un caso, el abogado se obliga a realizar todas las gestiones posibles, dentro del marco ético, en

---

[9] *In re Nieves Nieves*, supra; *In re Cuevas Borrero*, 185 DPR 189, 197-198 (2012).

[10] *In re Mulero Fernández*, supra, pág. 29.

[11] *In re Cuevas Borrero*, supra, pág. 199; *In re Meléndez Figueroa*, 166 DPR 199, 206 (2005); *In re Martínez Miranda*, 160 DPR 263, 266 (2003); *In re Aguila López*, 152 DPR 49, 51-52 (2000).

[12] *In re Meléndez Figueroa*, supra.

beneficio del cliente.[13] No hay espacio para que los abogados actúen con displicencia, dejadez y desidia en la tramitación de los asuntos que le han sido delegados.[14] Por lo tanto, este deber de diligencia profesional genera una obligación dual frente a su cliente, así como frente a los tribunales en la administración de la justicia. Así, la diligencia "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia".[15]

Cónsono a lo anterior, un abogado infringe el Canon 18, *supra*, cuando exhibe una conducta negligente al no responder planteamientos fundamentales, ignorar órdenes judiciales, incurrir en errores crasos y/o desatender o abandonar el trámite de un caso, entre otras.[16]

### C. Canon 38

Por último, el Canon 38, *supra*, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Además, dicho canon dispone que "[p]or razón de la confianza pública depositada en el

---

[13] In re Cuevas Borrero, supra.

[14] In re Díaz Nieves et als., 189 DPR 1000, 1012 (2013); In re Cuevas Borrero, supra; In re Nieves Nieves, supra, pág. 37.

[15] In re Nieves Nieves, supra, pág. 38, citando a S. Steidel Figueroa, Ética y Responsabilidad del Abogado, San Juan, Pubs. JTS, 2010, pág. 179.

[16] In re Rivera Nazario, supra; In re Nieves Nieves, supra.

abogado, éste debe de conducirse en forma digna y honorable tanto en su vida privada como en el desempeño de su profesión".[17]

En múltiples ocasiones hemos señalado que cada abogado representa la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce.[18] Consecuentemente, se le recomienda a todos los abogados actuar a un nivel superior y no al margen de lo establecido por los Cánones.[19]

Es por esto que todos los abogados deben estar en un ejercicio constante de introspección en el cual analicen si su conducta va acorde con la responsabilidad ética y moral que permea el ejercicio de la abogacía.[20] Por lo tanto, la responsabilidad moral y ética que rige nuestra profesión obliga a todo abogado a examinar su comportamiento continuamente.[21]

**III**

**A**

La Procuradora General presentó la querella el 9 de octubre de 2013, en la cual formuló tres cargos contra el

---

[17] In re Rivera Navarro, 2015 TSPR 100, 193 DPR __ (2015); In re Guemárez Santiago, supra, págs. 619-620; In re Santiago Ríos, 172 DPR 802, 821 (2007).

[18] In re Rivera Navarro, supra; In re Guemárez Santiago, supra, pág. 620; In re Santiago Ríos, supra, pág. 822; In re Quiñones Ayala, 165 DPR 138, 145 (2005); In re Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re Ortiz Brunet, 152 DPR 542, 556 (2000).

[19] In re Rivera Navarro, supra.

[20] In re Gordon Menéndez, 183 DPR 628, 642 (2011).

[21] In re Nieves Nieves, supra, pág. 45; In re Rodríguez Vázquez, 176 DPR 168, 177 (2009).

Lcdo. Juan Oscar Rodríguez López. En los primeros dos cargos se le imputa haber incurrido en conducta que violentaba los preceptos enunciados en los Cánones 12 y 18 de Ética Profesional, supra. Esto es, el licenciado causó dilaciones innecesarias en la tramitación y solución del caso criminal J1TR201100843 de la Sala Superior de Ponce.

Así, el licenciado Rodríguez López incumplió con su deber de comparecer a todos los señalamientos del referido caso. Las incomparecencias de los abogados a los señalamientos debe ser la excepción, no la costumbre y solo deben ausentarse por razones excepcionales. Por su parte, el querellado no explicó o justificó adecuadamente la razón por la cual no podía comparecer a las vistas, previo a la fecha de las mismas, lo que privó al tribunal de poder atender el asunto. Igualmente, el querellado infringió el Canon 18 por no ser diligente y competente en la defensa de los intereses de su cliente causando con ello demoras irrazonables en el asunto para el cual fue contratado.

Luego de estudiado el expediente y el Informe del Comisionado, entendemos que el licenciado Rodríguez López violó los Cánones 12 y 18 de Ética Profesional, supra, al dilatar injustificada e irrazonablemente el trámite del caso para el cual fue contratado. Así, el querellado asumió la representación legal a sabiendas de que el caso tenía una vista pautada para el 14 de diciembre de 2011 y

no compareció ni presentó una moción previa para excusar su incomparecencia. Además, el querellado fue citado para comparecer el 23 de febrero de 2012 a las 8:30 a.m. a la Sala 503 del Tribunal de Primera Instancia de Ponce y llegó a las 9:45 a.m., sin haberse excusado previamente. Lo anterior causó que la vista fuera pospuesta en múltiples ocasiones debido a su incomparecencia.

**B**

En cuanto al cargo III de la querella, se le imputa al licenciado Rodríguez López haber infringido el Canon 38 de Ética Profesional, supra. Este canon establece que los abogados deberán esforzarse al máximo para exaltar el honor y la dignidad de su profesión y no incurrir en conducta impropia o la apariencia de ésta.

Por el querellado no cumplir de manera diligente, con el cuidado y esmero en la tramitación del caso, éste incumplió con el deber de exaltar la dignidad y el honor de la profesión, según lo exige el Canon 38 del Código de Ética Profesional, supra. Entendemos que el querellado violó el referido canon al no comparecer a la vista del 14 de diciembre de 2011, sin presentar moción para exponer la razón para su incomparecencia y al no presentarse el 23 de febrero de 2012 a las 8:30 a.m. a la Sala 503, según fue citado.

De la misma manera, la conducta desplegada por el querellado el 23 de febrero de 2012 ante un funcionario del tribunal en reacción a la sanción impuesta es

repudiada por los Cánones de Ética Profesional y por esta Curia. El licenciado Rodríguez López mostró una actitud desafiante y amenazante hacia el Juez.

Una vez el querellado faltó a su deber de comparecencia, el tribunal de instancia le citó para el 23 de febrero de 2012 para que mostrara causa por la cual no debía ser impuesta una sanción económica de $1,000 por sus continuas incomparecencias. Sin embargo, contrario a lo esperado, el licenciado Rodríguez López no compareció según había sido citado, sino que llegó con más de una hora de tardanza sin excusarse previamente. Al momento de informarle sobre las consecuencias de su incumplimiento, el querellado se tornó desafiante y amenazante ante la figura del Juez. Así quedó recopilado con el testimonio bajo juramento del alguacil de sala.

Cuando un abogado está en desacuerdo con las determinaciones del tribunal tiene disponible el recurso de reconsideración. No obstante, la actitud tomada por el licenciado Rodríguez López y sus amenazas de presentar una querella contra el togado constituye, en esta circunstancia en particular, una clara violación al Canon 38.

C

Por último, debemos señalar que las acciones en incumplimiento del deber del licenciado Rodríguez López hacia los procesos en los tribunales, lamentablemente se vio reflejado aun durante el proceso disciplinario en su

contra. El 27 de diciembre de 2013, notificado el 10 de enero de 2014, se le concedió un término para que replicara a la querella presentada en su contra. No obstante, el día de la conferencia con antelación a la vista el querellado manifestó que se le había traspapelado la querella, por lo que solicitó un término adicional para expresarse en torno a la misma. Sin embargo, y a pesar de las múltiples solicitudes de prórroga y de haberle concedido el tiempo adicional solicitado, el licenciado no presentó su contestación a la querella. Con este proceder, el querellado incumplió con nuestras órdenes del 14 de octubre de 2013 y del 27 de diciembre de 2013 y con la Orden del Comisionado Especial emitida el 30 de abril de 2014, alegando que decidió esto como "estrategia" para su caso. Ciertamente, las solicitudes de prórroga son un mecanismo excepcional que permite a las partes un tiempo adicional. Lo que no podemos permitir es que una parte abuse de este mecanismo utilizándolo como estrategia de litigación para dilatar los procesos.

El incumplimiento de un abogado con las órdenes emitidas en un procedimiento disciplinario quebranta el compromiso de éste con el deber de mantener y contribuir a un orden jurídico íntegro y eficaz.[22] Este incumplimiento constituye una falta ética separada y

---

[22] In re Vega Lasalle, 164 DPR 659 (2005); In re Ríos Acosta, 143 DPR 128 (1997).

distinta a los méritos de la querella, que conlleva la imposición de una sanción.[23]

## IV

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se ordena la suspensión inmediata del Lcdo. Juan O. Rodríguez López de la práctica de la abogacía por el término de treinta (30) días.

En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión Per Curiam y Sentencia. Notifíquese personalmente.

Se dictará Sentencia de conformidad.

---

[23] In re Grau Díaz, 154 DPR 70 (2001); In re López López, 149 DPR 82 (1999); In re Vargas Soto, 146 DPR 55 (1998); In re Ríos Acosta I, 139 DPR 117 (1995); In re Pérez Benabe, 133 DPR 361 (1993); In re Ribas Dominicci I, 131 DPR 491 (1992); In re Nicot Santana, 129 DPR 717 (1992).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan O. Rodríguez López                 CP-2013-22       Conducta
                                                         Profesional

SENTENCIA

San Juan, Puerto Rico, a 13 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata del Lcdo. Juan O. Rodríguez López de la práctica de la abogacía por el término de treinta (30) días.

En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión Per Curiam y Sentencia. Notifíquese personalmente.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.


                              Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo