EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2017 TSPR 86 |
| Héctor Vargas Díaz | 198 DPR ____ |

Número del Caso: TS-8413


Fecha: 23 de mayo de 2017


Abogado de la parte promovida:
Por derecho propio


Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila De Jesús
      Director


Materia: Conducta Profesional – La Suspensión será efectiva el 1ro de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata del ejercicio de la notaría.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                TS-8,413

Héctor Vargas Díaz

*PER CURIAM*

En San Juan, Puerto Rico, a 23 de mayo de 2017.

Una vez más, nos vemos obligados a decretar inmediata e indefinidamente la suspensión de la notaría de un miembro de la profesión legal por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal.

                                I

El Lcdo. Héctor Vargas Díaz fue admitido al ejercicio de la abogacía el 14 de agosto de 1986 y prestó juramento como notario el 18 de enero de 1991. El 2 de febrero de 2017, el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, presentó una *Moción en Auxilio del Tribunal para Incautación de Obra Notarial y Otros Remedios*. Describió las

dificultades y falta de cooperación del licenciado en el proceso de examinar su obra protocolar y, posteriormente, en subsanar las deficiencias que fueron señaladas por la Inspectora de Protocolos y Notarías a cargo del proceso, la Lcda. Frances Díaz Medina.

Por ejemplo, la licenciada Díaz Medina lo convocó a una inspección a llevarse a cabo el 26 de febrero de 2014. No obstante, el licenciado no compareció ni se excusó. Posteriormente, el 25 de marzo de 2014, el licenciado -sin coordinar su visita- se presenció en el Archivo Notarial del Distrito de Ponce. Entregó 247 instrumentos públicos, sueltos y sin encuadernar, que representaban la obra autorizada por él entre 2003 y 2010. Por otro lado, omitió entregar los Tomos de los Protocolos de los años 2001, 2002, 2011, 2012 y 2013, así como los Tomos del Libro de Registro de Testimonios que contienen los Asientos Número 5232 y siguientes.

Luego de varios trámites, la licenciada Díaz Medina se reunió con el licenciado Vargas Díaz el 19 de julio de 2016. Le informó al licenciado las siguientes deficiencias: (1) omisión de encuadernación, foliación, redacción de nota de apertura y cierre e índice de los Tomos de Protocolos de 2003 a 2010; (2) omisión de nota de saca en múltiples instrumentos públicos autorizados; (3) omisión de sello notarial en múltiples instrumentos públicos; (4) necesidad de restructurar los instrumentos públicos no entregados, y (5) omisión de adherir y cancelar sellos de rentas internas,

impuesto notarial y de la Sociedad para Asistencia Legal. Acordaron que el 2 de agosto de 2016 el licenciado subsanaría las deficiencias señaladas y encaminaría el proceso de inspección de la obra protocolar de 2014 y 2015. Sin embargo, el licenciado incumplió con el acuerdo y no respondió las llamadas telefónicas ni los correos electrónicos cursados por la licenciada Díaz Medina.

Por todo lo anterior, el Director de la ODIN nos solicitó en su moción en auxilio que ordenáramos: (1) la incautación preventiva de la obra protocolar y del sello notarial del licenciado; (2) la presentación de los informes de actividad notarial adeudados, y (3) la subsanación de la obra protocolar. El 13 de febrero de 2017 emitimos una Resolución, notificada personalmente el 22 de febrero, donde acogimos la solicitud del Director de la ODIN. En lo pertinente, le concedimos al licenciado un término de treinta (30) días para subsanar las deficiencias notificadas. A su vez, le apercibimos que el incumplimiento con nuestra orden podría conllevar la suspensión inmediata e indefinida de la abogacía y la notaría. Igualmente, le advertimos que el asunto podría ser referido al Departamento de Justicia.

El 20 de abril de 2017, el Director de la ODIN presentó un *Informe sobre el Estado de la Obra Protocolar Incautada y Notificando Incumplimiento de Orden*. Expresó que el licenciado incumplió con la orden del Tribunal y que la obra protocolar fue inspeccionada. De la inspección se desprende

que el licenciado informó que ha autorizado 7,120 testimonios, pero en el Libro de Registro de Testimonios solo hay 5,321 autorizados. Es decir, hay 1,889 testimonios que no han podido ser examinados y, en consecuencia, la deuda arancelaria no pudo ser estimada. Además, incluyó el *Informe sobre Estado de Inspección de Obra Notarial*, suscrito por la licenciada Díaz Medina. Del mismo surgen las siguientes deficiencias: (1) omisión de encuadernación, foliación y redacción; (2) ausencia total o parcial de 47 instrumentos públicos; (3) omisión de adherir y cancelar sellos por la cantidad de $15,389.00; (4) ausencia de firmas o iniciales de uno o más de los otorgantes, y (5) ausencia de informes mensuales y anuales de actividad notarial.

Ante este escenario, el Director de la ODIN recomienda la suspensión inmediata e indefinida de la notaría. Además, solicita que le ordenemos entregar, en un término de diez (10) días, tanto los Tomos del Libro de Registro de Testimonios que se encuentran bajo su custodia como los informes notariales adeudados. Finalmente, recomienda que en un término de sesenta (60) días subsane los defectos de la obra protocolar incautada y la deficiencia arancelaria.

Al presente, el licenciado Vargas Díaz no ha cumplido con nuestra orden del 13 de febrero de 2017.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, le impone a los abogados el deber de observar una conducta que se caracterice por el mayor respeto hacia los

tribunales. In re Vera Vélez, 192 DPR 216, 226 (2015); In re Da Silva Arocho, 189 DPR 888, 893 (2013). Como corolario de lo anterior, los miembros de la profesión legal tienen la ineludible obligación de responder oportunamente a nuestros requerimientos. In re Irizarry Irizarry, 190 DPR 368, 374 (2014); In re García Ortiz, 187 DPR 507, 524 (2013). Así, en numerosas ocasiones hemos expresado que la desatención a nuestras órdenes constituye una falta ética que amerita la suspensión del ejercicio de la abogacía. In re Pestaña Segovia, 192 DPR 485, 493 (2015); In re Massanet Rodríguez, 188 DPR 116, 124 (2013).

De igual forma, hemos expresado que los notarios tienen el deber de subsanar con premura las deficiencias que la ODIN identifique en su obra. In re García Aguirre, 190 DPR 539, 545 (2014); In re Da Silva Arocho, supra, pág. 892. Así también, "[l]os notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas". In re Vázquez González, 194 DPR 688, 695 (2016). En consecuencia, la desatención a los requerimientos de la ODIN también constituye una infracción al Canon 9.

III

Debido al incumplimiento reiterado del licenciado Vargas Díaz con los requerimientos de la ODIN y de este Tribunal, y a la luz del derecho aplicable, lo suspendemos inmediata e indefinidamente del ejercicio de la notaría. El licenciado deberá entregar, en un término de diez (10) días,

los Tomos restantes del Libro de Registro de Testimonios y los informes notariales adeudados. Por último, se ordena al licenciado subsanar los defectos de la obra protocolar y satisfacer la deficiencia arancelaria en un término de sesenta (60) días. Ambos términos se computarán a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. De incumplir con estos términos, el licenciado se expone a sanciones ulteriores, tales como ser referido al Tribunal de Primera Instancia para un proceso de desacato o ser suspendido indefinidamente de la abogacía.

Notifíquese personalmente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Héctor Vargas Díaz                    TS-8,413




SENTENCIA

En San Juan, Puerto Rico, a 23 de mayo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos al Lcdo. Héctor Vargas Díaz inmediata e indefinidamente del ejercicio de la notaría. El licenciado deberá entregar, en un término de diez (10) días, los Tomos restantes del Libro de Registro de Testimonios y los informes notariales adeudados. Por último, se ordena al licenciado subsanar los defectos de la obra protocolar y satisfacer la deficiencia arancelaria en un término de sesenta (60) días. Ambos términos se computarán a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. De incumplir con estos términos, el licenciado se expone a sanciones ulteriores, tales como ser referido al Tribunal de Primera Instancia para un proceso de desacato o ser suspendido indefinidamente de la abogacía.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo