EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br>Héctor Vargas Díaz | 2018 TSPR 67<br><br>200 DPR ____ |

Número del Caso:    AB-2017-113
                    TS-8,413


Fecha: 20 de abril de 2018


Abogado de la parte promovida:

                Por derecho propio


Oficina de Inspección de Notarías:

                Lcdo. Manuel Ávila De Jesús
                Director


Materia:  Conducta Profesional – La suspensión será efectiva el 23 de abril de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | TS-8,413 |
| Héctor Vargas Díaz | AB-2017-113 |

**PER CURIAM**

En San Juan, Puerto Rico, a 20 de abril de 2018.

Una vez más nos vemos forzados a suspender inmediata e indefinidamente a un abogado por el incumplimiento reiterado con nuestras órdenes. Las actuaciones del Lcdo. Héctor Vargas Díaz, que nos obligan a suspenderlo en esta ocasión de la abogacía, requieren que realicemos un recuento de su proceder reprochable. Lo hacemos a continuación.

**I**

El Lcdo. Héctor Vargas Díaz fue admitido al ejercicio de la abogacía el 14 de agosto de 1986 y a la práctica de la notaría el 18 de enero de 1991. El 2 de febrero de 2017 el Director de la Oficina de Inspección de Notarías (ODIN) compareció ante este Tribunal mediante una *Moción en auxilio del Tribunal para la incautación de la obra notarial y otros remedios*. En esencia, trajo a nuestra atención la falta de cooperación del licenciado Vargas Díaz en el trámite de inspección de su obra notarial y en el proceso de subsanación

de las deficiencias de esta. Lo anterior al incumplir en varias ocasiones con los requerimientos de la ODIN.

Examinados los planteamientos de la ODIN, ordenamos incautar preventivamente la obra y el sello notarial del letrado. Además, le concedimos treinta días para subsanar las deficiencias notificadas por la ODIN y advertimos que su incumplimiento con nuestra orden podría conllevar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.[1]

El 20 de abril de 2017 la ODIN informó el incumplimiento del licenciado Vargas Díaz con nuestra orden. Así las cosas, el 23 de mayo de 2017 decretamos la inmediata e indefinida suspensión del letrado del ejercicio de la notaría por el incumplimiento reiterado con los requerimientos de la ODIN y este Tribunal.[2] **Determinamos que el licenciado Vargas Díaz debía entregar, en un término de diez días, los Tomos restantes del Libro de Testimonios y los Informes Notariales adeudados; y, en un término de sesenta días, subsanar los defectos de la obra protocolar y satisfacer la deficiencia arancelaria.** Indicamos, además, que el incumplimiento con lo allí dispuesto podría conllevar sanciones ulteriores: ser referido al Tribunal de Primera Instancia para un proceso de desacato y/o ser suspendido indefinidamente de la abogacía.

---

[1] En la referida resolución advertimos que el asunto podía ser referido al Departamento de Justicia para la acción correspondiente. Véase *Resolución* de 13 de febrero de 2017.

[2] In re Héctor Vargas Díaz, 2017 TSPR 86, resuelto el 23 de mayo de 2017.

Por otro lado, el 12 de mayo de 2017 el Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC) había comparecido a informarnos que el licenciado Vargas Díaz también se encontraba en incumplimiento con los créditos requeridos para el periodo de 1 de agosto de 2009 al 31 de julio de 2011. Señaló que en noviembre de 2011 se había remitido al letrado un Aviso de Incumplimiento, entre otras cosas, otorgándole sesenta días adicionales para tomar los cursos necesarios y pagar la cuota por cumplimiento tardío.[3] Asimismo, se citó al letrado a una vista informal y, posteriormente, se notificó el Informe del Oficial Examinador y la determinación del Director Ejecutivo.[4] De hecho, surge del expediente que, tras la celebración de la vista informal, se concedió al abogado un término adicional de treinta días para que cumpliera con el PEJC.

El 30 de junio de 2017 tomamos conocimiento de lo expresado por el PEJC en su Informe. Además, **otorgamos veinte días al licenciado Vargas Díaz para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua.**

---

[3] *Informe sobre incumplimiento con requisitos de educación jurídica continua*, pág. 1.

[4] Surge del *Informe sobre incumplimiento con requisito de educación jurídica continua* que el licenciado Vargas Díaz compareció a la vista informal, pero al momento de referirse el asunto ante nuestra consideración todavía se encontraba en incumplimiento con el periodo notificado.

Pese a lo anterior, cabe resaltar que el licenciado Vargas Díaz no cumplió con nuestras órdenes de 23 de mayo de 2017 —cuando fue suspendido de la práctica de la notaría— ni con la orden que emitimos el 30 de junio de 2017, sobre el incumplimiento con el PEJC. Por ello, el 9 de agosto de 2017 la ODIN compareció nuevamente ante esta Curia y solicitó que el asunto fuera referido a un proceso de desacato, según habíamos advertido el 23 de mayo de 2017.[5]

Así las cosas, el 15 de septiembre de 2017 referimos al licenciado Vargas Díaz al proceso de desacato y **le concedimos veinte días adicionales para que mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía.**

Asimismo, cabe mencionar que el 11 de abril de 2017 se presentó la queja AB-2017-0113 contra el licenciado Vargas Díaz.[6] Al no contestarla conforme fue requerido por este Tribunal en dos ocasiones,[7] referimos el asunto a la Oficina del Procurador General. Recibido el *Informe del Procurador General*, en el que expuso que había realizado varios esfuerzos para que el letrado contestara la queja y que la

---

[5] *Moción notificando incumplimiento de orden* de 9 de agosto de 2017.

[6] La queja fue promovida por la Hon. Marta I. Dávila Román, Jueza del Tribunal de Primera Instancia, por **el alegado incumplimiento constante y continuo del licenciado Vargas Díaz con una serie de órdenes emitidas por el tribunal y su incomparecencia a varias vistas.** Esto, en un caso en el que este fungía como representante de la parte demandada.

[7] La primera notificación se realizó el 25 de abril de 2017 y la segunda notificación, en la cual se otorgó un término final de diez días, se efectuó el 12 de mayo de 2017.

actitud de este último demostraba un grave menosprecio a las órdenes de este Tribunal y la función investigativa de la Oficina del Procurador General que infringía los Cánones 9 y 12 del Código de Ética Profesional, el 20 de diciembre de 2017 concedimos al licenciado Vargas Díaz un término de veinte días para expresarse sobre el referido Informe.[8]

No obstante, ante la incomparecencia del letrado, el 16 de marzo de 2018 emitimos una *Resolución* en la que **ordenamos que en un término final e improrrogable de diez días mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía.** No surge tampoco del expediente que el licenciado Vargas Díaz compareciera ante esta Curia en cumplimiento con esta orden.

## II

Como parte de nuestro poder inherente de regular la profesión legal en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones de manera responsable, competente y diligente.[9] A tono con ello, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que

---

[8] Véase *Informe del Procurador General,* pág. 2, y *Resolución* de 20 de diciembre de 2017.

[9] In re Montalvo Delgado, 195 DPR 542, 549 (2016); In re Sepúlveda Torres, 196 DPR 50, 53 (2016); In re Oyola Torres, 195 DPR 437, 440 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

deben desplegar los abogados y las abogadas que ejercen tan ilustre profesión.[10]

Entre las disposiciones que el Código de Ética Profesional contiene, el Canon 9 es uno de los que este Tribunal ha reconocido como de mayor envergadura en nuestro ordenamiento jurídico, el cual dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". En ese sentido, como funcionarios del sistema judicial, los abogados tienen que emplear estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[11] Por lo tanto, todo letrado tiene la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal.[12]

Sabido es que el incumplimiento con este deber, demuestra un claro menosprecio a la autoridad de este Tribunal.[13] Por ello, reiteradamente hemos establecido que la actitud de indiferencia a nuestros apercibimientos sobre

---

[10] In re Sepúlveda Torres, *supra*, pág. 53. Véanse además: In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013).

[11] In re Rodríguez Quesada, 195 DPR 967, 969 (2016); In re Stacholy Ramos, 196 DPR 858, 860 (2016).

[12] In re Davis Pérez, 2017 TSPR 180; In re Vera Vélez, *supra*, pág. 226.

[13] In re Rodríguez Quesada, *supra,* pág. 969. Véanse además: In re De León Rodríguez, 190 DPR 378, 390-391 (2014); In re Irizarry Irizarry, 190 DPR 368, 374 (2014).

sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[14]

Cabe mencionar que las obligaciones impuestas en el Canon 9 se extienden a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[15] De manera que desatender estos requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional.[16] En vista de ello, "[e]n el ejercicio de nuestra autoridad fiscalizadora de la profesión legal, hemos suspendido inmediata e indefinidamente del ejercicio de la abogacía y la notaría a aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la ODIN y la Oficina del Procurador General".[17]

Asimismo, la educación jurídica continua es una exigencia que emana de nuestro poder para reglamentar la profesión legal. Esta tiene el propósito de que los abogados ejerzan sus funciones de manera ética y con competencia y calidad. Por lo tanto, el abogado que incumple con estos

---

[14] In re Vera Vélez, *supra*, págs. 226-227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

[15] In re Montañez Melecio, 197 DPR 275 (2017); In re Oyola Torres, *supra*, pág. 441.

[16] In re Figueroa Cortés, 196 DPR 1, 3 (2016).

[17] In re Oyola Torres, *supra*, pág. 442.

requerimientos falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia.[18] Esto además incide en el deber que tiene todo miembro de la profesión de mantener un alto grado de excelencia y competencia, según establecido en el Canon 2 del Código de Ética Profesional, *supra*.[19] Como consecuencia, en reiteradas ocasiones este Tribunal se ha visto obligado a suspender indefinidamente a los abogados que desatienden los requerimientos del PEJC e incumplen con los créditos de educación jurídica continua requeridos.[20]

### III

Nótese que el licenciado Vargas Díaz debía cumplir con lo siguiente: *primero*, con los términos dispuestos por este Tribunal al suspenderlo de la notaría, a los efectos de entregar los Tomos restantes del Libro de Testimonios y los Informes Notariales adeudados a ODIN, subsanar los defectos de la obra protocolar y satisfacer la deficiencia

---

[18] Véase In re Piñeiro Vega, 188 DPR 77 (2013).

[19] In re Casale Villani, 2017 TSPR 100, 198 DPR ___ (2017). Véase In re Cepero Rivera *et al.*, 193 DPR 1021 (2015).

[20] In re Zambrana Ortiz, 2017 TSPR 111, 198 DPR ___ (2017). Véanse además: In re Arroyo Acosta, 192 DPR 848, 852 (2015); In re Rivera Trani, 188 DPR 454, 459-460 (2013). En In re Davis Pérez, 2017 TSPR 180, aclaramos que "[s]i bien en *In re: Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 114, 198 DPR ___ (2017), concedimos un periodo de gracia en el cual los abogados podían cumplir tardíamente con el PEJC sin tener que pagar multas, ello no constituye una abdicación de nuestro poder para exigir a la clase togada el cumplimiento durante este año con los créditos del PEJC". En vista de ello, reconocimos la vigencia de la obligación de los miembros de la profesión de cumplir con el PEJC y acatar nuestras órdenes al respecto.

arancelaria; *segundo*, con la orden emitida por este Tribunal para que mostrara causa por la cual no debía ser suspendido de la abogacía luego de que fuéramos informados de su incumplimiento con el PEJC; y *tercero*, con nuestra orden para que en un término final e improrrogable de diez días mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía al no responder al informe del Procurador General. Es decir, finalmente el licenciado Vargas Díaz tenía **tres órdenes de mostrar causa** por la cual no debía ser suspendido de la abogacía, emitidas por este Tribunal **por tres asuntos distintos.**

Pese a las reiteradas oportunidades que este Tribunal ha conferido al licenciado Vargas Díaz para que cumpliera con todos los asuntos que sobre él fueron referidos a nuestra atención, este nunca lo hizo. Por el contrario, su actitud ha estado plagada de desatención e indiferencia a nuestras órdenes y los requerimientos que le fueron cursados por la ODIN, el PEJC y la Oficina del Procurador General.

Como hemos apuntado, su incumplimiento no puede tomarse de manera liviana.[21] La inobservancia con nuestras órdenes, más aún cuando el abogado ha sido apercibido expresamente de las consecuencias de su incumplimiento, constituye una falta severa con sus deberes éticos y un menosprecio a nuestra autoridad. Sin duda, la conducta desplegada por el licenciado Vargas Díaz, al faltar reiteradamente a nuestras órdenes, es

---

[21] Véase In re Christine M. Pratts Barbarossa, 2018 TSPR 5, 199 DPR ___ (2018); In re Planas Merced, 195 DPR 73, 77 (2016).

patente y totalmente contraria a la que se espera de todos los miembros de la profesión. En consecuencia, no albergamos duda de que este no es merecedor de continuar en el ejercicio de la abogacía y procede su suspensión.

**IV**

*Por los fundamentos expuestos, suspendemos inmediata e indefinidamente al licenciado Vargas Díaz de la profesión de la abogacía.* El señor Vargas Díaz *deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta días contados a partir de la notificación de esta Opinión per curiam y Sentencia.*

*Se dictará Sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:*<br><br>Héctor Vargas Díaz | TS-8,413<br><br>AB-2017-113 |

**SENTENCIA**

En San Juan, Puerto Rico, 20 de abril de 2018.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, los cuales se hacen formar de la presente sentencia, suspendemos inmediata e indefinidamente al Lcdo. Héctor Vargas Díaz de la profesión de la abogacía. El señor Vargas Díaz deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días, contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo